UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4; JOHN DOE 5; JOHN DOE 8; JOHN DOE 9; JOHN DOE 10 AND JOHN DOE 12,

    Plaintiff,

v.

ANDERSON ET. AL.,

    Defendant.

                                              /

Case No. 15-13852

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER DENYING DEFENDANTS' MOTION TO SEVER, TO CHANGE VENUE, AND TO REASSIGN CASE [16]**

Defendants filed a Motion to Sever, to Change Venue and to Reassign the Case on January 15, 2016 [16]. Plaintiffs responded on January 29, 2016 [18] and Defendants replied on February 5, 2016 [20]. For the reasons stated below, this Motion is **DENIED.**

    **1. STATEMENT OF FACTS**

Plaintiffs are nine John Doe prisoners who allege retaliation in the form of, *inter alia*, retaliatory transfers, prolonged isolation, destruction of legal and other

property, denial of visits, false misconduct tickets, verbal harassment and threats, and intentional disclosures of Plaintiffs' identities. These retaliatory acts took place at various Michigan Department of Corrections (MDOC) facilities within both the Western and Eastern District of Michigan. Plaintiffs experienced these acts of retaliation after their identities were disclosed as participants in a pending suit challenging the MDOC policy and practice of holding youths with adult prisoners, following sexual and physical assaults at the hands of adult prisoners and custodial staff while they were minors.

Plaintiffs allege that the incidents of retaliation are not separate, isolated incidents against the Plaintiffs but were rather a concerted and widespread effort to disclose Plaintiffs' identities, which had been protected under Court order, to deter Plaintiffs and other class members from participating in pending litigation in State and Federal Court against the MDOC, supervisory officials and Wardens.

## 2. ANALYSIS

### a. REQUEST TO SEVER

Defendants are seeking to sever the claims that deal with instances of retaliation at facilities located within the Western District, which includes 24 of the 27 Defendants, pursuant to Federal Rule of Civil Procedure 21 (Fed. R. Civ. Pro.). For the reasons stated below, this request is denied.

> Persons may be joined as Defendants if:
>
>> Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transactions, occurrence, or series of transactions or occurrences;
>>
>> and any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. Pro. 20(a)(2). When considering whether parties have been improperly joined, Courts are to give the words "transaction or occurrence" a "broad and liberal interpretation" to "avoid a multiplicity of suits." *Lasa Per L'Industria Del Maro Society Pero Azioni v. Alexander,* 414 F.2d 143, 147 (6th Cir.1969). Accordingly, the term transaction has been held to "comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id* at 147.

There is no mention of geography as a factor in a joiner analysis. Therefore, the fact that some claims pertain to incidents that occurred in another judicial district alone does not warrant severance of these claims. In considering whether severance is appropriate, the Court will look to the factors of Fed. R. Civ. Pro. 20(a)(2).

Defendants argue that retaliation claims are, by their very nature factually unique and individual, since they are not based on a theory of respondent superior

liability. They assert the claims that arose out of events that took place in the Western District should be severed since they did not arise out of the same transaction or occurrence and do not share a common question of fact and law with those that arose in the Eastern District.

Plaintiffs direct the Court's attention to the Supreme Court decision in *United States v. Mississippi* to support proper joinder of Defendants. 380 U.S. 128 (1965). In *United States v. Mississippi*, the Court reversed a District Court's decision severing claims because "the complaint improperly attempted to hold the six county registrars jointly liable for what amounted to nothing more than individual torts committed by them separately." *Id* at 142. The Supreme Court held that the claims against the various Defendants, who were from diverse geographical locations, were properly joined because Plaintiffs alleged in their complaint that, while acting individually, Defendants were acting pursuant to a common plan that was seeking inevitably to deprive minorities of the right to vote, meeting the requirements of Fed. R. Civ. Pro. 20(a). *Id*.

Courts within the Sixth Circuit have cited this case, and held that parties are properly joined in cases where Defendants are "from different geographical areas, acted independently of each other, and perhaps had never met one another" and are alleged to have individually committed torts so long as Plaintiffs allege that the

4

unlawful acts complained of satisfy the requirements of transactional relatedness and commonality in fact or law. *Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 166 (E.D. Mich.) report and recommendation adopted, 286 F.R.D. 319 (E.D. Mich. 2012). This can be satisfied by having an overarching policy or plan that is alleged which necessarily results in unlawful activity. *See Kunin v. Costco Wholesale Corp.*, No. 10-11456, 2011 WL 6090132, at *4 (E.D. Mich. Dec. 7, 2011).

In the case at bar, Defendants are alleged to have retaliated against Plaintiffs in a concerted effort to deter them from seeking relief. Similar to the policy at issue in *United States v. Mississippi*, Defendants in this case are accused of committing individual acts of retaliation in service of an overarching, unlawful purpose, to deter Plaintiffs from seeking legal redress of their injuries. Moreover, the claims share factual similarities since the general policies of MDOC are the same for all of the facilities in which Defendants were housed. Thus, the allegations of retaliation are "part of a series of transactions or occurrences the validity of which depended to a large extent upon 'question(s) of law or fact common to all of them.'" *United States v. Mississippi*, 380 U.S. at 143.

Because the individual claims are alleged to be part and parcel of a broader practice to punish Plaintiffs for speaking out about their sexual and physical

assault, these claims satisfy the requirements of Fed. R. Civ. Pro. 20 and Defendant Motion to Sever is, accordingly, denied.

### b. REQUEST TO CHANGE VENUE

In civil actions, venue is appropriate in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b). In the case at bar, three of the Defendants reside in the Eastern District, so venue is proper and this Court owes Plaintiffs' choice of venue the deference required under *Koster v. American Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947). *Duha v. Agrium, Inc.*, 448 F.3d 867, 873 (6th Cir. 2006).

For the convenience of the parties and witness, "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. §1404(a). When deciding whether to transfer a case or not, the Court considers the following factors:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining unwilling witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Sullivan v. Tribley*, 602 F. Supp. 2d 795, 800 (E.D. Mich. 2009).

Defendants' argument rests on the proposition that transferring the severed parties to the Western District is appropriate since all the severed parties reside in the Western District. However, the Court has declined to sever the Defendants who reside in the Western District, or those Defendants whose claims arose in the Western District, therefore this argument is moot. Therefore, the Court must consider the seven factors above with respect to all Defendants.

When considering these factors, it becomes clear that the Court should not grant Defendants' request to change of venue or transfer to the Western District because substantial deference must be given to Plaintiff's choice of forum. Four of the nine Plaintiffs currently are incarcerated at facilities in the Eastern District. It is therefore not more convenient for all parties to have the venue transferred to the Western District. Because prison populations are inherently transient, it is simply not possible to predict how this might change during the course of this litigation. Indeed, there may well ultimately be even more Plaintiffs incarcerated in facilities in the Eastern District in the future. Additionally, while it might be convenient for

7

the Defendants who reside in the Western District, there are additional Defendants residing in the Eastern District and there is no reason provided for why the burden on inconvenience should be shifted and the deference for Plaintiffs' choice of forum should be disturbed. Similarly, the convenience of the witnesses and the cost of obtaining willing witnesses do not require transfer since potential witnesses reside in both districts.

The relative ease of access to sources to proof does not weigh in favor of transfer either, since this concern "is a less significant factor in this era of electronic communication" and depositions can be taken in locations convenient to the witnesses residing in the Western District. *Real Prop.*, 2015 U.S. Dist. LEXIS 118254 at *15; *See also Barnett v. MCI Serv. Parts, Inc.*, 2005 U.S. Dist. LEXIS 8850, *6 (E.D. Mich. 2005). Defendants have not argued that compulsory process will be an issue and therefore the Court does not attach any weight to this factor. *Duha*, 448 F.3d at 877.

Finally, trial efficiency and the interests of justice do not require transfer. Per the Plaintiff's response, "[d]epositions will be held at the MDOC facility in which each Defendant is employed." [18 at 16]. Moreover, the Court has denied the Motion to Sever. It is, therefore, not apparent that a transfer would serve the

interests of justice since several of the Plaintiffs and three of the Defendants reside in the Eastern District.

When all factors are appropriately considered, there is absolutely no compelling reason to override Plaintiffs' choice of forum. Considering the deference that must be granted to Plaintiff's choice, and the lack of adequate proof of inconvenience, Defendant's Motion for Transfer is denied.

### c. REQUEST TO REASSIGN CASE

Defendants request that the case before the Court be reassigned to Judge Cleland as either a companion case to the matter of *Doe v. MDOC, et. al.*, No. 13-cv-14356, or, alternatively, be reassigned to promote "docket efficiency" and "judicial economy" under Local Rule 83.11(2) and (3).

Local Rule 83.11(b)(7)(A) defines a companion case as one "in which it appears that: (i) substantially similar evidence will be offered at trial or (ii) the same or related parties are present, and the cases arise out of the same transactions or occurrences." The case currently before Judge Cleland raises claims under the Fourth, Eighth, and Fourteenth Amendments, as well as statutory violations of 18. U.S.C. §§1591 and 1594, predicated upon the sexual and physical assault of the Plaintiffs as minors while incarcerated in MDOC facilities. The instant case raises retaliation claims. The only connection between these two cases is that Plaintiffs in

9

this case allege that they were retaliated for the filing of a state class action and the federal case pending before Judge Cleland.

The facts relevant to *Doe v. MDOC, et. al.*, No. 13-cv-14356 are distinct from the legally significant facts here. While acts of sexual and physical abuse are referred to in Plaintiff's amended complaint, they do not underpin the retaliation claims at issue herein, which necessarily rest upon wholly distinct factual allegations.

The only common parties in the two cases are the Director of the MDOC, one warden, and four Plaintiffs. However, the claims do not overlap and these shared parties alone do not require this Court to reassign the case at bar. The acts alleged here concern retaliation, and thus do not share common facts, occurrences and evidence with Judge Cleland's case. *Thaddeus-c v. Blatter*, 175 F. 3d 378 (6th Cir. 1999).

In this case, the Plaintiffs' retaliation claims do not arise out of the alleged occurrences of sexual and physical assault at issue in the case before Judge Cleland. Rather, the retaliation claims arise out of the filing of that case (as well as

10

currently pending state actions). *See Jones v. City of Allen Park*, 167 F. App'x 398, 409 (6th Cir. 2006).[1]

Defendants argue that, since the claims all stem from actions occurring within the facilities in which Plaintiffs were or are incarcerated, there exists a similar transaction or occurrence supporting the conclusion that this matter is a companion case. However, as shown above, the facts required to prove the claims in each case are wholly distinct, and the fact that the transactions relevant to both cases occurred in the same place is not determinative. There is no showing that substantially similar evidence will be presented or that the cases arise out of the same transactions and occurrences.

In the alternative, Defendants seek reassignment under Local Rule 83.11(2) and (3) for judicial and docket efficiency. However, for the reasons stated above, reassignment is also inappropriate under these rules because there is no common

---

[1] In *Jones,* the Court concluded that the retaliation case (*Jones*) was not companion to discrimination case (*Madrigal*), notwithstanding the fact that there was an overlap of some of the individuals involved in both suits. The Court reasoned that the focus of the testimony was different, since the *Jones* case would present witnesses to provide proof of unlawful retaliation, while the possible companion case *Madrigal* would present witnesses to establish discrimination on the basis of race and national origin. Therefore, *Jones* arose out of the litigation of *Madrigal*, but did not share a common occurrence or transaction.

question of law or fact. Thus, efficiency would be significantly served by a reassignment since the claims are wholly distinct.

Accordingly, Defendants' Motion for Reassignment is denied.

**IT IS ORDERED** that Defendants' Motion to Sever, to Change Venue, And to Reassign Case [16] is **DENIED.**

**SO ORDERED**.

|  |  |
|---|---|
|  | s/Arthur J. Tarnow |
|  | Arthur J. Tarnow |
| Dated:  March 4, 2016 | Senior United States District Judge |