UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4; JOHN DOE 5; JOHN DOE 8; JOHN DOE 9; JOHN DOE 10; AND JOHN DOE 12,<br><br>Plaintiff,<br><br>v.<br><br>DUSTIN ANDERSON, ET. AL.,<br><br>Defendant.<br>_____/ | Case No. 15-13852<br><br>SENIOR U.S. DISTRICT JUDGE ARTHUR J. TARNOW<br><br>U.S. MAGISTRATE JUDGE MONA K. MAJZOUB |

**ORDER DENYING DEFENDANTS' CORRECTED MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY [47]; DENYING AS MOOT DEFENDANTS' MOTION FOR PROTECTIVE ORDER [45]**

On May 11, 2016, Defendants filed a Motion for Protective Order to Stay Discovery [45]. Defendants filed a Corrected Motion for Protective Order to Stay Discovery [47] on May 12, 2016. Plaintiffs responded to Defendants Motion [49] on May 25, 2016 and Defendants replied on June 1, 2016. [52]. For the reasons stated below, this Defendants' Corrected Motion for Protective Order to Stay Discovery [47] is **DENIED** and Defendants' Motion for Protective Order [45] is **DENIED as moot.**

1

Per Federal Rule of Civil Procedure 26(c)(1), a Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." *Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008), *citing Chrysler Corp. v. Fedders Corp.*. 643 F.2d 1229 (6th Cir.1981). When ruling on a motion to stay, "the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Id*. The Court is also "required to take into account any societal interests which are implicated by either proceeding or postponing discovery." *Id*.

Defendants are seeking a stay of discovery pending the ruling on the exhaustion issue, as briefed in their Motion for Summary Judgment filed on March 8, 2016. [29]. Defendants argue that the Court should grant a stay of discovery because: (1) the motion to stay was brought early on in the litigation; (2) the nine Plaintiffs have distinct claims of retaliation against the individual Defendants and therefore, if a Plaintiff is dismissed from the case based on a lack of exhaustion, the scope of discovery will be affected; (3) the Defendants' motion for summary judgment is well-founded; (4) discovery is to be completed by June 16, 2017, so a

2

stay will not delay the progression of the case; and (5) exhaustion is a requirement under the Prison Litigation Reform Act of 1995 (PLRA) which must be decided before a lawsuit under PLRA can proceed.

"[T]he fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Malibu Media, LLC v. Doe*, No. 2:14-CV-1132, 2015 WL 2128156, at *2 (S.D. Ohio May 6, 2015), *see also Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008); *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010). By requesting this stay, Defendants are arguing that dismissal of some or all of the Defendants is likely to occur, otherwise a stay would not be required. This necessitates the Court to, in effect, "make a preliminary finding of the likelihood of success on the motion." *Ohio Bell Tel. Co.* at *1. In this case, a stay would be appropriate if the question of exhaustion was not "fairly debatable." *Id*. However, after reviewing Defendants' Motion for Summary Judgment, Plaintiffs' response, and Defendants' reply, it is clear that the issues presented are fairly debatable and the issue of exhaustion is not a frivolous question.

While this case does contain multiple Plaintiffs with separate claims, many of the Defendants' arguments relating to exhaustion are applicable across many of

the Plaintiffs, so while there are individual complaints of retaliation for nine separate Plaintiffs, many of those claims rise or fall according to the same arguments presented, so the differentiation that Defendants make between this case and other cases where only one Plaintiff was present is not very strong.

Defendants also argue that the issue of exhaustion is different from other cases where the Courts denied stays of discovery pending motions regarding the question of subject matter jurisdiction or other threshold issues. However, the Sixth Circuit has held that while exhaustion is a prerequisite for bringing a suit in Court, it is analogous to other threshold issues of judicial administration, including personal jurisdiction and improper venue. *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015). Therefore, while the motion deals with exhaustion, this is not a factor that weighs in favor of granting the motion.

Finally, while Defendants argue that the discovery period is open until next year, as Defendants themselves pointed out, there are nine Plaintiffs and twenty-seven Defendants and the allegations concern acts undertaken in multiple facilities in the State. Discovery will necessarily take time, and in the event that the Motion for Summary Judgment reveals questions of fact, these will have to be resolved as well before the case could move forward. Therefore, any possible stay pending a decision on exhaustion could have an impact on the progression of the case and

could necessitate an extension of the discovery period. As a result, the Court finds that the burden of postponing discovery weighs in favor of the Plaintiffs and the Court denies Defendants' Corrected Motion for Protective Order to Stay Discovery. [47]. In addition, Defendants' Motion for Protective Order to Stay Discovery [45] is denied as moot.

**IT IS ORDERED** that Defendants' Corrected Motion for Protective Order to Stay Discovery [47] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Protective Order to Stay Discovery [45] is **DENIED as moot.**

SO ORDERED.

Dated: June 13, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

5