UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, ET AL.,

       Plaintiffs,

v.

ANDERSON, ET AL.,

       Defendants.
_____/

Case No. 15-13852

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION [91]**

Plaintiffs filed a complaint against Defendants on November 2, 2015 [1], alleging First Amendment retaliation under §1983. Plaintiffs filed a second amended complaint on February 18, 2016 [22], adding facts and removing the Michigan Department of Corrections as a party. Defendants filed a Motion for Summary Judgment based on a failure to exhaust remedies was filed on March 8, 2016 [29]. Plaintiffs responded on March 29, 2016 [33] and Defendants replied on April 29, 2016 [40]. The Court held a hearing on the Motion on July 25, 2016. The Motion for Summary Judgment was granted in part and denied in part on March 31, 2017.

Plaintiffs filed a Motion for Reconsideration on April 14, 2017 [91]. For the reasons stated below, this Motion is **GRANTED in part** as to John Doe 2's RMI-1505-10978-19D grievance against Defendants Hoogewind, Rogers and Schooley, and John Doe 8's grievance IBC-1511-3121-03B against Arp; and **DENIED in part** as to John Doe 2's ICF 15-1617-03b against Defendants Hoogewind, Rogers and Schooley and John Doe 12's grievances against Defendants Stambaugh, Conklin and Marten.

Local Rule 7.1(h)(3) provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003). A Motion for Reconsideration "is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 357, 374 (6th Cir. 1998); *see also Scottsdale Insur. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the

first time in motions for reconsideration."). "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Plaintiff requests that the Court reconsider the portion of its opinion and order dismissing Plaintiff John Doe 2 and Defendants Rogers, Hoogewind and Schooley; dismissing John Doe 8 as to his claims against Defendant Arp; and dismissing John Doe 12's complaints against Defendants Stambaugh, Conklin and Martens.

1. **JOHN DOE 2**

The Court determined that John Doe 2 failed to exhaust his administrative remedies by not appealing grievance RMI-1505-10978-19D to Step III after being advised that "your grievance is considered resolved at Step II," and not appealing grievance ICF-2015-10-1617-03B to Step II after being informed that the grievance was resolved at Step I. [84 at 14, 16].

While Plaintiff raised this defense in the response brief, there was no precedent provided to support that position. Now, Plaintiff clearly cites to both Eastern District cases and several circuit court cases that support the proposition that a grievance may be deemed exhausted notwithstanding the lack of an appeal. *See, e.g.*, *Yowell v. Booker*, 2014 WL 1096398, at *6 (E.D. Mich. Mar. 19, 2014);

*Manning v. Dolce*, No. CIV.A09-13840, 2010 WL 3515718, at *3 (E.D. Mich. July 12, 2010), *report and recommendation adopted*, No. 09-CV-13840-DT, 2010 WL 3515715 (E.D. Mich. Sept. 8, 2010) (finding that an appeal beyond Step I was unnecessary where Plaintiff's grievance was favorably resolved by prison officials at Step I); *Patterson v. Stanley*, 574 Fed. Appx. 510, 513 (5th Cir. 2013); *Toomer v. BCDC*, 537 Fed. Appx. 204, 206 (4th Cir. 2013); *Davis v. Correctional Medical Servs.*, 760 F. Supp. 2d 469, 477, *aff'd.* 436 Fed. Appx. 52 (3rd Cir. 2011); *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005); *Abney v. McGinnis*, 380 F.3d 663, 669 (2nd Cir. 2004); *Ross v. County of Bernalillo*, 365 F.3d 1181, 1187 (10th Cir. 2004); *Dixon v. Page*, 291 F.3d 485, 490-91 (7th Cir. 2002).

The Court agrees with the logic found in the Eastern District cases that if a grievant is not dissatisfied with the resolution, the grievance is considered exhausted and there is no need to proceed with any further appeal. *See Yowell*, 2014 WL 1096398, at *6. Therefore, the Court finds that John Doe 2's RMI-1505-10978-19D is deemed properly exhausted as to Defendants Hoogewind, Rogers and Schooley.

As to grievance ICF 15-1617-03b against Defendants Hoogewind, Rogers and Schooley, the Court previously stated that John Doe 2 did not exhaust this grievance because it was resolved and no named Defendants were placed on notice

of any new or continuing grievance. Plaintiff argues that Defendants were placed on notice because the John Doe 2 states in his grievance that "I reported and made statements to staff over at RMI" and this sufficiently put Defendants Hoogewind, Rogers and Schooley on notice. Further, Plaintiff argues that since the grievance was responded to on the merits, Defendants have waived any procedural objection to the grievance. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010).

The Court does not agree with Plaintiff. First, there is no link to Defendants Hoogewind, Rogers and Schooley to be found in the grievance. If Plaintiff's argument is that the Court had previously deemed these Defendants to be on notice, that argument is unavailing here because the substance of the new grievance, concerning alleged physical abuse by other prisoners and being denied protection, has no relation to the grievance concerning missing property at issue at RMI. There is nothing to suggest that the mere mention of staff at RMI, which certainly consists of more than Hoogewind, Rogers and Schooley, is sufficient to place them on notice regarding this grievance. Further, the grievance clearly concerns the actions at ICF, including specific mention of KITES sent to Miniard that were ignored. The mention reporting threats to staff at RMI is unrelated to the specific substance of the grievance at ICF other than to illustrate an on-going problem. Therefore, there was no reason for the grievance to be considered

procedurally defective given the detailed context of the problem at ICF. Thus, this grievance is deemed unexhausted as to Defendants Hoogewind, Rogers and Schooley for failing to place them on notice.

2. **JOHN DOE 8**

Plaintiff requests that the Court reconsider its dismissal of John Doe 8's grievance against Defendant Arp, IBC-1511-3121-03B, filed on November 16, 2015 in light of the recent Sixth Circuit decision *Mattox v. Edelman*, 851 F.3d 583 (6th Cir. 2017), *reh'g denied* (Apr. 6, 2017).

The Court found that John Doe 8's grievance against Defendant Arp, IBC-1511-3121-03B, placed Defendant Arp on notice of his retaliatory action and also found that a question of fact existed as to whether there was adequate exhaustion. However, the Court ultimately dismissed John Doe 8's grievance against Defendant Arp because even if the grievance was found to be exhausted, this exhaustion did not occur until after the complaint was filed, in fact the grievance was not even filed under after the complaint was filed.

*Mattox* found that:

> If a prisoner exhausts some of his claims after a proper federal lawsuit has been filed as to other claims, and then moves to amend his complaint to add the newly exhausted claims, the policy behind the PLRA's exhaustion requirement is still met because prison officials will have had a fair opportunity to address the new claims on the merits.

851 F.3d at 592. This case is distinguishable from *Mattox* because John Doe 8 did not exhaust any claims before the filing of the complaint. However, the Court is persuaded by Plaintiff's argument that since this case concerns multiple Plaintiffs, many of which had filed grievances and exhausted them against Defendant Arp prior to the complaint being filed, that the aim of *Mattox* is served by not dismissing John Doe 8's grievance against Arp. Therefore, John Doe 8's grievance IBC-1511-3121-03B against Arp is not dismissed.

3. **JOHN DOE 12**

The Court found that John Doe 12's grievances against Defendants Stambaugh, Conklin and Marten were not properly exhausted because they were filed untimely. Plaintiff argues that John Doe 12's grievances against Defendants Stambaugh, Conklin and Martens are not untimely, citing evidence found during discovery that shows that under federal regulation 28 C.F.R. §115.52(b)(i), allegations related to sexual abuse, or retaliation stemming from sexual abuse cannot have a time limit imposed on when they can be brought. Under MDOC policy P.D. 03.03.140, this waive of a timeliness requirement also applies to claims for retaliation for the reporting of sexual abuse.

Plaintiff does not attempt to describe why the grievance at issue relates to retaliation stemming from sexual abuse, and in fact does not even identify the

specific grievance or exhibit that they are requesting the Court reconsider. Upon reading of the Order granting summary judgment, the Court determines that these grievances are properly identified as located at docket number 33, exhibit 12-J. Upon review of these grievances, there is no evidence that there is any mention of any retaliation due to sexual assault or the reporting of sexual assault. Therefore, these grievances remain unexhausted and dismissed from the case.

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration [91] is **GRANTED in part** as to John Doe 2's RMI-1505-10978-19D grievance against Defendants Hoogewind, Rogers and Schooley, and John Doe 8's grievance IBC-1511-3121-03B against Arp; and **DENIED in part** as to John Doe 2's ICF 15-1617-03b against Defendants Hoogewind, Rogers and Schooley and John Doe 12's grievances against Defendants Stambaugh, Conklin and Marten.

**IT IS FURTHER ORDERED** that Defendants Hoogewind, Rogers and Schooley are reinstated as Defendants in this matter.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: October 18, 2017  Senior United States District Judge