UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, ET AL.,                                    Case No. 15-13852

                     Plaintiffs,
                                                     SENIOR U.S. DISTRICT JUDGE
v.                                                   ARTHUR J. TARNOW

ANDERSON, ET AL.,                                    U.S. MAGISTRATE JUDGE
                                                     MONA K. MAJZOUB
                     Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION/REHEARING
AND/OR TO ALTER OR AMEND JUDGMENT [135]**

On March 31, 2017, the Court entered an Order [84] granting in part and
denying in part Defendants' Motion for Summary Judgment. Plaintiffs filed a
Motion for Reconsideration [91] of Order [84] on April 14, 2017. The Court did
not order Defendants to respond to Plaintiffs' motion. On October 18, 2017, the
Court granted in part Plaintiffs' Motion for Reconsideration. [Dkt. #131]. On
November 1, 2017, Defendants filed a Motion for Reconsideration/Rehearing
and/or to Alter or Amend Judgment [135] of the Court's Order [131] granting in
part Plaintiffs' Motion for Reconsideration.

Local Rule 7.1(h)(3), which governs motions for reconsideration, provides:

> Generally, and without restricting the court's discretion, the
> court will not grant motions for rehearing or reconsideration
> that merely present the same issues ruled upon by the court,
> either expressly or by reasonable implication. The movant must
> not only demonstrate a palpable defect by which the court and

the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See also Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (A motion for reconsideration is granted only ". . . if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case."). "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Defendants' Motion for Reconsideration [135] is, in essence, a response to Plaintiffs' Motion for Reconsideration. Defendants submit that they were not given an opportunity to respond to Plaintiffs' motion. [Dkt. #135 at 12]. However, pursuant to E.D. L.R. 7.1(h)(2), no response is permitted unless the Court orders otherwise.

In this case, the Court concluded that a response to Plaintiffs' Motion [91] was not necessary. Furthermore, Defendants did not seek leave to file a response in the six-month period during which Plaintiffs' motion was pending before the Court. Instead, Defendants raise these arguments only *after* the Court has issued its ruling on Plaintiffs' motion. "The purpose of a motion for reconsideration is not 'to give an unhappy litigant one additional chance to sway the judge.'" *United States*

*v. One 2003 GMC Sierra 3500 Pickup Truck, VIN: 1GTJK33113F208636*, No. 05-74205, 2013 WL 27900, at *1 (E.D. Mich. Jan. 2, 2013) (citing *Pakideh v. Ahadi*, 99 F.Supp.2d 805, 809 (E.D. Mich. 2000)).

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Reconsideration [135] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: November 3, 2017          Senior United States District Judge